**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CLEUBEL DE LOS SANTOS,

Plaintiff,

-against-

Civil Action No. ____-cv-_______ (____)

TRANS UNION LLC, EQUIFAX INFORMATION SERVICES LLC, MERRICK BANK and LVNV FUNDING LLC,

Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Cleubel De Los Santos ("Plaintiff"), by and through her attorney, Adam J. Fishbein, as and for her Complaint against Defendants Trans Union LLC ("Trans Union"), Equifax Information Services LLC ("Equifax"), Merrick Bank ("Merrick"), and LVNV Funding LLC ("LVNV") (collectively, "Defendants"), alleges as follows:

## I. PRELIMINARY STATEMENT

1.This is an action for actual, statutory, and punitive damages arising from Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

2.Defendant Trans Union has, and continues to, report inaccurate and unverifiable information about Plaintiff, and has failed to conduct reasonable reinvestigations of Plaintiff's disputes of that information, in violation of 15 U.S.C. §§ 1681e(b) and 1681i.

3.Defendant Equifax has likewise reported, and continues to report, inaccurate and internally implausible information about the same Merrick Bank tradeline, and has failed to conduct

a reasonable reinvestigation of Plaintiff's dispute of that information, in violation of 15 U.S.C. §§ 1681e(b) and 1681i.

4.Defendants Merrick and LVNV, as furnishers of information to consumer reporting agencies, received notice of Plaintiff's disputes and failed to conduct reasonable investigations as required by 15 U.S.C. § 1681s-2(b), instead verifying the disputed tradelines as accurate without adequate basis to do so.

5.Plaintiff's consumer file maintained by Experian Information Solutions, Inc. ("Experian") is referenced herein for factual context only, principally to show that Trans Union, Experian, and Equifax report materially different, mutually inconsistent versions of the same tradelines. Plaintiff does not, at this time, assert any claim against Experian, and Experian is not a party to this action. Equifax, unlike Experian, is named as a Defendant below because Equifax's own reported version of the Merrick Bank tradeline is independently inaccurate on its face, and because Plaintiff separately disputed that tradeline directly with Equifax, which verified it as accurate.

## II. JURISDICTION AND VENUE

6.This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, as this action arises under the laws of the United States.

7.Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, in Bronx County, New York, and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## III. PARTIES

8.Plaintiff Cleubel De Los Santos is a natural person residing Bronx County, New York and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9.Defendant Trans Union LLC is a Delaware limited liability company with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661, that regularly conducts business in this District and throughout the United States, and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), regularly engaged, for monetary

fees, in the practice of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties.

10. Defendant Equifax Information Services LLC is a Georgia limited liability company with its principal place of business at 1550 Peachtree Street NE, Atlanta, Georgia 30309, that regularly conducts business in this District and throughout the United States, and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), regularly engaged, for monetary fees, in the practice of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties.

11. Defendant Merrick Bank is a Utah-chartered, FDIC-insured industrial bank with its main office at 10705 South Jordan Gateway, South Jordan, Utah 84095, that regularly conducts business in this District and throughout the United States, and is a "furnisher of information" to consumer reporting agencies within the meaning of 15 U.S.C. § 1681s-2, with a reporting address of P.O. Box 9201, Old Bethpage, New York 11804.

12. Defendant LVNV Funding LLC is, on information and belief, a Delaware limited liability company that regularly conducts business in this District and throughout the United States, is a debt buyer, and is a "furnisher of information" to consumer reporting agencies within the meaning of 15 U.S.C. § 1681s-2. LVNV services and reports the accounts described below through its servicer, Resurgent Capital Services, at P.O. Box 1269, Greenville, South Carolina 29603.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Trans Union Consumer File

13. On or about September 7, 2026, Plaintiff obtained a copy of her Trans Union consumer disclosure, File No. 399233265 (the "Trans Union Report").

14. The Trans Union Report lists three tradelines under the heading "Accounts with Adverse Information": (a) a Merrick Bank account, no. 412061807435****; (b) an LVNV account, no. 444796247065****; and (c) a second, separate LVNV account, no. 470793052484****.

15.Plaintiff also obtained her Experian consumer file (as of September 9, 2026) and her Equifax consumer file (as of September 9, 2026) directly from Experian and Equifax, respectively, for the purpose of comparing how each nationwide consumer reporting agency reports the same underlying accounts.

**B. The Merrick Bank Tradeline**

16.All three of Plaintiff's consumer files show a Merrick Bank account opened November 10, 2021, charged off with a balance of $1,224 and a credit limit of $900, closed in July 2022, with a last payment in February 2022 — these core facts are consistent across Trans Union, Experian, and Equifax.

17.Trans Union's own reported month-by-month payment history for this account shows the following 2022 delinquency progression: current through April; thirty (30) days past due in May; sixty (60) days past due in June; ninety (90) days past due in July; one hundred twenty (120) days past due in August; and "Charge-off" status beginning September 2022.

18.Plaintiff's Experian file, for this same account, shows a different 2022 progression: current through April; thirty (30) days past due in May; sixty (60) days past due in June; ninety (90) days past due in July; one hundred twenty (120) days past due in August; one hundred fifty (150) days past due in September; and charge-off beginning October 2022.

19.Plaintiff's Equifax file, for this same account, shows yet a third, different progression: current only through February 2022; sixty (60) days past due beginning March 2022 — two full months earlier than either Trans Union or Experian report the account becoming delinquent at all, and skipping the thirty (30)-day stage entirely; ninety (90) days past due in April; one hundred twenty (120) days past due in May; no data furnished for June; one hundred fifty (150) days past due in July; and charge-off beginning August 2022.

20.Trans Union and Experian agree that this account reached the thirty, sixty, ninety, and one hundred twenty day past-due stages in the same respective months — May, June, July, and August 2022 — but the two bureaus diverge immediately afterward: Trans Union reports the account charging off in September 2022, while Experian instead reports an

additional one hundred fifty day past-due stage in September 2022 and does not report charge-off until the following month, October 2022. Equifax's reported progression matches neither bureau: it places this same account's delinquency onset two full months earlier, in March 2022, skips the thirty-day stage entirely, includes a month (June 2022) for which no data was furnished at all, and reports charge-off in August 2022 — a full month before Trans Union's charge-off date and two months before Experian's. No two of the three nationwide consumer reporting agencies agree on the month this single account charged off, and only two of the three agree, partially, on the account's earlier delinquency stages. These are specific dates and delinquency ratings furnished by Merrick for a single account over a single, already-concluded period in 2022 — not a legal question — and at most one of the three reported versions of this history can be accurate.

21.Equifax's own reported progression for this account is independently suspect even without reference to Trans Union's or Experian's files: it reports a delinquency onset two full months earlier than either other bureau, skips the thirty-day past-due stage entirely, and furnishes no data at all for June 2022 — a month sandwiched between a reported one hundred twenty day past-due rating in May and a reported one hundred fifty day past-due rating in July, for an account that, on Equifax's own telling, was already several months delinquent and would not plausibly have gone unreported for an entire intervening month. This internal irregularity in Equifax's own file, independent of any cross-bureau comparison, itself reflects a failure to follow reasonable procedures to assure maximum possible accuracy.

**C. The LVNV Funding LLC Tradelines**

22.The Trans Union Report shows LVNV account no. 444796247065**** as opened October 17, 2022, with Original Creditor listed as Credit One Bank, N.A., a Balance and Past Due amount of $792, Pay Status “Collection,” and the remark “Account information disputed by consumer (FCRA).”

23.The Trans Union Report shows a second, separate LVNV account no. 470793052484**** as opened September 16, 2022, with Original Creditor likewise listed as Credit One Bank,

N.A., a Balance, High Balance, and Past Due amount of $725, Pay Status "Collection," and the same remark. Plaintiff in fact held two separate Credit One Bank, N.A. credit card accounts; Plaintiff does not allege that these two LVNV tradelines report a single, duplicated debt.

24.Plaintiff's Experian and Equifax files show these same two LVNV accounts inconsistently. Plaintiff's Experian file shows only the 470793052484**** account (opened September 16, 2022, balance $725); it does not show the 444796247065**** account at all. Plaintiff's Equifax file shows neither LVNV account — Equifax's collections section for Plaintiff reflects no collection accounts of any kind. Of the three nationwide consumer reporting agencies, only Trans Union reports both LVNV accounts; Experian reports one; and Equifax reports none.

25.LVNV is not the original creditor on either account. Plaintiff's Experian file independently classifies the Account Type for the 470793052484**** account as "Debt Buyer," and the Trans Union Report independently classifies the Loan Type for both LVNV accounts as "Factoring Company Account," confirming, from two separate nationwide consumer reporting agencies and not merely inferring, that LVNV is a downstream purchaser of charged-off receivables rather than either account's original creditor. On information and belief, LVNV purchased both accounts in bulk, as part of a portfolio of charged-off receivables originated by Credit One Bank, N.A., and, in the ordinary course of that business, received from the seller only an electronic account-level data file for the portfolio, rather than the underlying cardmember agreements, statements, or payment histories for the individual accounts within it.

26.The remark "Account information disputed by consumer (FCRA)" appearing on both LVNV tradelines on the Trans Union Report reflects that Plaintiff had already disputed both accounts before this action, that Trans Union forwarded those disputes to LVNV under 15 U.S.C. § 1681i(a)(2), and that LVNV and/or Trans Union thereafter "verified" both accounts as accurate, since both tradelines continue to report unchanged on Trans Union notwithstanding their absence, in whole or in part, from Plaintiff's Experian and Equifax files.

**D. Plaintiff's Disputes and Defendants' Reinvestigations**

27.Plaintiff disputed the Merrick Bank tradeline and both LVNV tradelines directly with Trans Union, through Trans Union's online reinvestigation process, describing the Merrick Bank account as reporting inaccurately compared to the other consumer reporting agencies and both LVNV accounts as reporting no payment history and as accounts Plaintiff did not open with LVNV. Plaintiff separately disputed the Merrick Bank account with Experian and with Equifax, and disputed the LVNV account appearing on her Experian file, through each bureau's own online dispute process, on comparable grounds.

28.In response, Trans Union, Equifax, Merrick, and LVNV each verified the disputed tradelines as accurate, and each continues to report the tradelines it carries substantially unchanged.

29.On information and belief, Merrick's verification of the Merrick Bank tradeline did not identify or resolve the cross-bureau delinquency-progression discrepancy described in Paragraphs 16–21 above, and Merrick continued to report its Trans Union version of that history as accurate notwithstanding its inconsistency with the versions of the same account history Merrick furnished to Experian and Equifax for the same eight-month period.

30.On information and belief, Equifax's reinvestigation of the Merrick Bank tradeline did not identify or resolve the internal irregularities in its own reported progression described above — the two-month-early delinquency onset, the skipped thirty-day stage, and the unexplained June 2022 data gap — nor did it reconcile Equifax's version of this account's history against the versions reported by Trans Union and Experian, notwithstanding that Plaintiff's dispute to Equifax expressly identified the account as reported “inaccurately and in wrong progression.”

31.On information and belief, LVNV's verification of each LVNV tradeline consisted of no more than comparing the disputed account against LVNV's own internally maintained, previously purchased electronic portfolio data — the same data LVNV received when it

acquired the account — without obtaining or reviewing any account-level documentation from Credit One Bank, N.A., such as a signed cardmember agreement, account statements, or an account-specific bill of sale or assignment identifying the account by account number and balance. Nor did LVNV's verification identify or resolve the inconsistency, described in Paragraph 24 above, between Trans Union's, Experian's, and Equifax's differing reports of how many LVNV tradelines exist for this alleged debt.

32. A furnisher's or consumer reporting agency's investigation that is limited to comparing a disputed item against the furnisher's own previously reported or internally held data, without more, is not a "reasonable investigation" or "reasonable reinvestigation" within the meaning of the FCRA. *See Hinkle v. Midland Credit Mgmt., Inc., 827 F.3d 1295 (11th Cir. 2016); see also Johnson v. MBNA Am. Bank, N.A., 357 F.3d 426 (4th Cir. 2004) (investigation limited to confirming internal computer records without consulting underlying account documentation is not reasonable); Seamans v. Temple Univ., 744 F.3d 853 (3d Cir. 2014) (technically accurate information can still violate the FCRA where it creates a materially misleading impression, and a policy of cursory, time-limited dispute review supports a finding of willfulness); Marchisio v. Carrington Mortg. Servs., LLC, 919 F.3d 1288 (11th Cir. 2019) (furnisher's duty extends beyond checking its own database; reckless disregard of known reporting problems can support willfulness and punitive damages).*

33. The information described in Paragraphs 16–26 above — specific dates, delinquency ratings, dollar amounts, the number of tradelines reported, and the existence or absence of account-level documentation — is objectively and readily verifiable and does not require resolution of any unsettled legal question. *See Mader v. Experian Info. Solutions, Inc., 56 F.4th 264 (2d Cir. 2023); Sessa v. Trans Union, LLC, 74 F.4th 38 (2d Cir. 2023).* Whether Defendants' investigations were reasonable is a question of fact generally reserved for the jury, unless no reasonable factfinder could conclude the investigation was unreasonable; and even an investigation later found unreasonable does not itself create liability unless Plaintiff also shows that a reasonable investigation would have led to a different, more favorable result. *See Suluki v. Credit One Bank, NA, 138 F.4th 709, 720 (2d Cir. 2025).*

**<u>E. Damages</u>**

34. On or about August 4, 2026, Plaintiff applied for a personal loan with SoFi, issued by Cross River Bank, N.A., and was denied. The denial notice states that the credit decision was based in whole or in part on a report from one or more of four listed consumer reporting agencies — Experian, Trans Union, SageStream/LexisNexis Risk Solutions, and Plaid — and further states that Plaintiff's credit score of 486 was obtained from, and any questions about that score should be directed to, Experian specifically. The notice lists “serious delinquency, and public record or collection filed” among the key factors that adversely affected that score.

35. On August 31, 2026, Plaintiff applied for a Chase Sapphire Visa Signature account and was denied, Reference No. 260901501880. The denial notice identifies Experian as the consumer reporting agency whose report and credit score (494, calculated September 1, 2026) were relied upon, and lists “serious delinquency, public record, or collection item” as the first among the reasons for the denial itself, not merely as a factor affecting the score.

36. On August 31, 2026 — the same day Plaintiff applied to Chase, described above — Plaintiff applied for a loan with DCU (Digital Federal Credit Union), Application #8854045, and was denied. The denial notice lists “Collection account(s) or Judgment(s).” as a reason for denial twice, consistent with two separate collection tradelines. Plaintiff's own Equifax consumer file independently confirms, through Equifax's own Hard Inquiry record, a hard inquiry from Digital Federal Credit Union dated August 31, 2026, at the same address DCU uses in its own correspondence — confirming that DCU's credit decision was based on Plaintiff's Equifax file. This is significant because Plaintiff's Equifax file, as most recently disclosed to Plaintiff, reports no collection accounts of any kind, and Equifax's collections section affirmatively states that Plaintiff currently has no collections on her file — yet Equifax disseminated a report to DCU, a third party, on the very same day, that resulted in a denial citing collection or judgment items not once but twice. On information and belief, the version of Plaintiff's file Equifax furnished to DCU on August 31, 2026 was inconsistent with, or has since changed from, the version Equifax has furnished directly to Plaintiff, a further indication that Equifax has failed to

follow reasonable procedures to assure maximum possible accuracy of the information it reports concerning Plaintiff.

37.The Chase denial establishes that a third party obtained and relied upon Plaintiff's Experian-based credit report and score, and took adverse action against Plaintiff based in part on the same “serious delinquency, public record, or collection” information at issue in this action. The SoFi denial establishes the same dissemination and adverse action, but does not identify with certainty which of the four listed consumer reporting agencies' report — Trans Union among them — actually drove the stated denial reasons, as distinct from the credit score specifically, which SoFi identifies as Experian's; on information and belief, if the report SoFi in fact relied upon for those reasons was Trans Union's, the SoFi denial independently supports Plaintiff's standing against Trans Union as well. The DCU denial, confirmed by Equifax's own Hard Inquiry record to have been based on Plaintiff's Equifax file, establishes the same dissemination and adverse action directly against Equifax. At minimum, the SoFi and Chase denials support Plaintiff's claims against Merrick and LVNV, whose furnishing obligations under 15 U.S.C. § 1681s-2 run to Experian and Trans Union alike, and the DCU denial independently supports Plaintiff's claims against Equifax. Together, these adverse actions supply the “dissemination to a third party” and “resulting adverse consequence” required to plead concrete injury under TransUnion LLC v. Ramirez, 594 U.S. 413 (2021), and Spokeo, Inc. v. Robins, 578 U.S. 330 (2016); an inaccuracy that sits only in a plaintiff's file, without more, is not itself a concrete injury sufficient for Article III standing.

38.As a further, direct and proximate result of Defendants' conduct, Plaintiff has suffered damage to her credit reputation and creditworthiness, and emotional distress, frustration, and aggravation from repeatedly disputing information that Defendants have failed to verify or correct.

## V.

## FIRST CAUSE OF ACTION

### Violation of 15 U.S.C. § 1681e(b) — Against Defendant Trans Union LLC

39.Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

40. Trans Union is a “consumer reporting agency” required by 15 U.S.C. § 1681e(b) to follow reasonable procedures to assure maximum possible accuracy of the information it reports concerning Plaintiff.

41. Trans Union failed to follow reasonable procedures to assure maximum possible accuracy with respect to the Merrick Bank tradeline and both LVNV tradelines described above.

42. As a direct and proximate result, Plaintiff suffered the damages described above.

43. Trans Union's conduct was negligent, or, in the alternative, willful, entitling Plaintiff to actual damages under 15 U.S.C. § 1681o, or, in the alternative, statutory and punitive damages under 15 U.S.C. § 1681n, together with costs and reasonable attorneys' fees.

**VI.**

**SECOND CAUSE OF ACTION**

**Violation of 15 U.S.C. § 1681i — Against Defendant Trans Union LLC**

44. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

45. Plaintiff disputed the Merrick Bank tradeline and both LVNV tradelines directly with Trans Union.

46. Trans Union failed to conduct a reasonable reinvestigation of Plaintiff's disputes, failed to review and consider all information Plaintiff submitted, and failed to delete or correct information it could not verify as accurate, complete, and non-duplicative, in violation of 15 U.S.C. § 1681i(a).

47. As a direct and proximate result, Plaintiff suffered the damages described above.

48. Trans Union's conduct was negligent, or, in the alternative, willful, entitling Plaintiff to damages under 15 U.S.C. §§ 1681o and/or 1681n, together with costs and reasonable attorneys' fees.

**VII.**

**THIRD CAUSE OF ACTION**

**Violation of 15 U.S.C. § 1681e(b) — Against Defendant Equifax Information Services LLC**

49.Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

50.Equifax is a “consumer reporting agency” required by 15 U.S.C. § 1681e(b) to follow reasonable procedures to assure maximum possible accuracy of the information it reports concerning Plaintiff.

51.Equifax failed to follow reasonable procedures to assure maximum possible accuracy with respect to the Merrick Bank tradeline described above, including the internal irregularities in its own reported delinquency progression and its inconsistency with the versions of the same account reported by Trans Union and Experian.

52.As a direct and proximate result, Plaintiff suffered the damages described above.

53.Equifax's conduct was negligent, or, in the alternative, willful, entitling Plaintiff to actual damages under 15 U.S.C. § 1681o, or, in the alternative, statutory and punitive damages under 15 U.S.C. § 1681n, together with costs and reasonable attorneys' fees.

## VIII.

## FOURTH CAUSE OF ACTION

**Violation of 15 U.S.C. § 1681i — Against Defendant Equifax Information Services LLC**

54.Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

55.Plaintiff disputed the Merrick Bank tradeline directly with Equifax.

56.Equifax failed to conduct a reasonable reinvestigation of Plaintiff's dispute, failed to review and consider all information Plaintiff submitted, and failed to delete or correct information it could not verify as accurate, complete, and non-duplicative, in violation of 15 U.S.C. § 1681i(a).

57.As a direct and proximate result, Plaintiff suffered the damages described above.

58.Equifax's conduct was negligent, or, in the alternative, willful, entitling Plaintiff to damages under 15 U.S.C. §§ 1681o and/or 1681n, together with costs and reasonable attorneys' fees.

**IX.**

**FIFTH CAUSE OF ACTION**

**Violation of 15 U.S.C. § 1681s-2(b) — Against Defendant Merrick Bank**

59.Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

60.Trans Union and, separately, Equifax each notified Merrick of Plaintiff's dispute of the Merrick Bank tradeline pursuant to 15 U.S.C. § 1681i(a)(2), triggering Merrick's duties as a furnisher under 15 U.S.C. § 1681s-2(b).

61.Merrick failed to conduct a reasonable investigation of Plaintiff's dispute, failed to review all relevant information provided by Trans Union, failed to identify or correct the cross-bureau delinquency-progression discrepancy described above notwithstanding that Merrick itself is the common source of the three inconsistent versions of this history, and failed to accurately report the results of its investigation to Trans Union and the other nationwide consumer reporting agencies, in violation of 15 U.S.C. § 1681s-2(b).

62.As a direct and proximate result, Plaintiff suffered the damages described above.

63.Merrick's conduct was negligent, or, in the alternative, willful, entitling Plaintiff to damages under 15 U.S.C. §§ 1681o and/or 1681n, together with costs and reasonable attorneys' fees.

**X.**

**SIXTH CAUSE OF ACTION**

**Violation of 15 U.S.C. § 1681s-2(b) — Against Defendant LVNV Funding LLC (Account No. 444796247065****)**

64.Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

65.Trans Union notified LVNV of Plaintiff's dispute of Account No. 444796247065**** pursuant to 15 U.S.C. § 1681i(a)(2), triggering LVNV's duties as a furnisher under 15 U.S.C. § 1681s-2(b).

66.LVNV failed to conduct a reasonable investigation of Plaintiff's dispute of this account, and, on information and belief, verified the account as accurate based solely on a comparison against its own internally held, previously purchased portfolio data, without obtaining or reviewing any account-level documentation from Credit One Bank, N.A., and without accounting for the fact that this particular account — unlike the 470793052484**** account — does not appear on Plaintiff's Experian or Equifax files at all, in violation of 15 U.S.C. § 1681s-2(b).

67.As a direct and proximate result, Plaintiff suffered the damages described above.

68.LVNV's conduct was negligent, or, in the alternative, willful, entitling Plaintiff to damages under 15 U.S.C. §§ 1681o and/or 1681n, together with costs and reasonable attorneys' fees.

## XI.

## <u>SEVENTH CAUSE OF ACTION</u>

**Violation of 15 U.S.C. § 1681s-2(b) — Against Defendant LVNV Funding LLC (Account No. 470793052484****)**

69.Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

70.Trans Union notified LVNV of Plaintiff's dispute of Account No. 470793052484**** pursuant to 15 U.S.C. § 1681i(a)(2), triggering LVNV's duties as a furnisher under 15 U.S.C. § 1681s-2(b).

71.LVNV failed to conduct a reasonable investigation of Plaintiff's dispute of this account, and, on information and belief, verified the account as accurate based solely on a comparison against its own internally held, previously purchased portfolio data, without obtaining or reviewing any account-level documentation from Credit One Bank, N.A., in violation of 15 U.S.C. § 1681s-2(b).

72.As a direct and proximate result, Plaintiff suffered the damages described above.

73.LVNV's conduct was negligent, or, in the alternative, willful, entitling Plaintiff to damages under 15 U.S.C. §§ 1681o and/or 1681n, together with costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and award:

(a)Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), as applicable;

(b)Actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1);

(c)Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), as applicable;

(d)Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

(e)Pre- and post-judgment interest as allowed by law; and

(f)Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: Woodmere, New York

September 17, 2026

Respectfully submitted,



**Adam J. Fishbein**
Attorney at Law
Attorney for Plaintiff
735 Central Avenue
Woodmere, New York 11598
Tel: (516) 668-6945
Email: fishbeinadamj@gmail.com